**STATE of Minnesota, Respondent,**

v.

**Leonard Ray SMITH, Appellant.**

**No. C3–85–741.**

Court of Appeals of Minnesota.

Nov. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Anne M. Lewis, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and FORSBERG and RANDALL, JJ. with oral argument waived.

### SUMMARY OPINION

HUSPENI, Judge.

### FACTS

Appellant Leonard Ray Smith appeals his conviction for inducement to practice prostitution, Minn.Stat. § 609.322, subd. 1(1) (1984). He contends the evidence was insufficient to sustain his conviction. His conviction arose out of allegations from L.T. and C.P., two girls ages fifteen and fourteen, respectively. The girls testified that while they were in downtown St. Paul on Saturday, August 4, 1984, around six p.m. two men approached them in a car and invited them to party. Charles Dodd was the driver and Smith was the passenger. The girls got in the car and they drove to a

lookout on St. Clair Avenue where Dodd, Smith and C.P. snorted cocaine which Dodd supplied. They drove around for awhile and then checked into a motel. There all four of them snorted cocaine. L.T. had sexual intercourse with Smith and C.P. had sex with Dodd. The next morning Smith and Dodd discussed the idea that the girls prostitute for them. Smith explained to L.T. that she could get money for clothes and drugs by giving him the money she earned. L.T. and Smith had sexual intercourse again and left the motel. At a White Castle restaurant, Smith and Dodd discussed the possibility of the girls working as prostitutes at a truck stop.

The girls were then told to turn some tricks downtown. They went with one man to his apartment and L.T. watched television while C.P. had sex with the man for $30. C.P. gave Dodd the money. The girls then went in a car with two men to a motel and had sex with them for $40 each. L.T. gave her $40 to Smith and C.P. gave her $40 to Dodd. While C.P. left with another customer, Smith lined L.T. up with two other men, telling her that the price was already arranged. L.T. received $20 from each man. When she returned downtown, she did not find Smith or Dodd. The girls met a friend known as "Oscar" who got them a hotel for the next two nights. They met a man named "Louis" after that and stayed at a different hotel. On the following Wednesday, L.T. was downtown with C.P. and Louis when she met Smith and Dodd. Smith grabbed L.T. by the arm and yelled that she owed him $40 and that no one could stop him from doing what he wanted to her. She left downtown and the next day returned home to her parents.

Smith was convicted of two counts of inducement to practice prostitution and two counts of receiving profit derived from prostitution; the latter convictions were subsequently vacated by the court at sentencing.

## DECISION

Smith's contentions regarding sufficiency of the evidence essentially amount to a closing argument to a jury in which Smith argues that L.T. and C.P. lacked any credibility because of inconsistencies both in their earlier statements to police and between their testimony. Smith did not testify.

We recognize that:

> [I]nconsistencies and conflicts in some particular area between one state witness and another do not constitute false testimony nor any basis for reversal. They are a sign of the fallibility of human perception—not proof that false testimony was given at trial.'

*State v. Stufflebean*, 329 N.W.2d 314, 318 (Minn.1983) (quoting *State v. Hanson*, 286 Minn. 317, 335, 176 N.W.2d 607, 618 (1970)). The testimony of L.T. and C.P. was consistent on the essential elements of the offense. Credibility is for the jury to determine. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980). The jury obviously believed L.T. and C.P. and determined that Smith and Dodd induced the girls into acts of prostitution. The girls' testimony was not of dubious veracity casting grave doubt as to Smith's guilt. *State v. Housley*, 322 N.W.2d 746 (Minn.1982). Viewing the evidence in the light most favorable to the verdict, a jury could reasonably conclude that Smith was guilty of inducing prostitution.

Affirmed.